IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES KEVIN MYERS, #178978<br>　　　　　Petitioner,<br>　　v.<br><br>WARDEN<br>　　　　　Respondent. | *<br><br>*　　CIVIL ACTION NO.  JFM-12-2331<br><br>*<br><br>*** |

MEMORANDUM

On August 6, 2012, this court-construed 28 U.S.C. § 2241 letter petition for habeas corpus was received for filing from James Kevin Myers ("Myers"), a Maryland inmate currently housed at the Jessup Correctional Institution in Jessup, Maryland.  The action seemingly represents a challenge to Myers's parole revocation; the decision by the reviewing revocation hearing officer to take Myers's good time credits ("GTC"); and the Maryland Division of Correction's ("DOC") calculation of his sentence.

The respondent has filed a court-ordered response, which remains unopposed as of the within signature date.[1]  Myers criminal history reveals that on October 25, 1985, he was sentenced to a thirty-five year term, ten years suspended, for attempt to commit first-degree rape; ten years concurrent for assault with intent to rape; and five years concurrent for a third-degree sex offense.  ECF No. 10 at Exs. 1 & 2.  Montgomery County Circuit Court Judge L. Leonard Ruben also imposed a five-year probationary term.

On October 12, 2002, Myers was released from the Maryland DOC on mandatory supervision pursuant to the application of 2,689 diminution credits to his February 22, 2010 maximum expiration date of his term of confinement.  *Id.* at Ex. 3.  He signed the acknowledgment

---

[1] Myers has filed a motion to appoint counsel.  ECF No. 12.  Because the court finds no exceptional circumstances for granting the motion, the request shall be denied.

of the conditions of his mandatory supervised release. ECF No. 10, Ex 3. When released in October of 2002, Myers was on a probationary term. On April 29, 2004, the Maryland Parole Commission ("Commission") revoked Myer's release after finding he had violated several rules. *Id.*, Ex. 4. Respondent notes that Myers had been convicted of second-degree assault in the Circuit Court for Frederick County. On May 28, 2004, Judge DeLawrence Beard of the Circuit Court of Montgomery County found Myers in violation of probation and sentenced him to ten years commencing on June 1, 2004. *Id.*, Ex. 5.

On March 17, 2009, Myers was released from the DOC on mandatory supervision pursuant to the application of 1,897 diminution credits to the May 27, 2014 maximum expiration date of his term of confinement. *Id.*, Ex. 6. On December 3, 2009, the Maryland Division of Parole and Probation asked the Commission to issue a warrant because Myers was not in compliance with the conditions of his release. *Id.*, Ex. 7. The Commission issued a warrant for Myers on December 7, 2009. *Id.*, Ex. 8.

On January 4, 2010, the Department of Public Safety and Correctional Services issued a supplemental report, notifying the Commission that Myers had been charged with a new crime for failing to notify the Sex Offender Registry of a change in his residence. *Id.*, Ex. 9. The Commission updated the statement of charges attached to the warrant to reflect this new charge. *Id.*, Ex. 10. On March 10, 2010, Myers was found guilty of failing to notify the Sex Offender Registry of a change in his residence and was sentenced to two years and 365 days with 286 days suspended, and 79 days of credit time served. *Id.*, Ex. 11.

On April 1, 2010, the Commission revoked Myers's release on the basis of his new conviction. *Id.*, Ex. 12. He was awarded no street time and all diminution credits were revoked. On October 7, 2011, the Commission amended its decision to award Myers credit for time

(December 21, 2009 to March 10, 2010) spent in custody at the Washington County Detention Center after the retake warrant had been issued. ECF No. 10, Exs. 8, 13, & 14A. On September 11, 2012, the Commission amended its revocation decision a second time to award Myers credit from December 10, 2009 to March 11, 2010, the time he was in the detention center in Washington County. *Id*., Ex. 14B.

On June 3, 2010, Myers filed a petition for habeas corpus relief in the Circuit Court for Anne Arundel County. The petition was twice transferred to other courts before being filed in the Circuit Court for Montgomery County. *Id*., Exs. 17-19. After briefing by the parties, on June 8, 2011, the petition was denied. *Id*., Exs. 22-24. Judge Robert A. Greenberg found that Myers had failed to timely raise an administrative challenge to the Commission's decision to revoke his release, Myers had violated the conditions of his release, and the presiding commissioner had not abused his discretion in revoking Myers's release. *Id*., Ex. 24.

Assuming arguendo that this § 2241 petition was filed in a timely manner and was exhausted at the state court level, the court finds no factual merit to Myers's claims. First, it remains unrefuted that he was on mandatory supervision in November of 2009, when he was convicted of a new crime (failure to notify sex registry of changed residence). His claim that he did not violate the conditions of his release is without factual support. Further, the commissioner had good cause to revoke the release on mandatory supervision and it was not an abuse of his discretion. There was also cause for Myers's revocation in 2004 because of his committing a second-degree assault.

In addition, the court finds that the commissioner had the legal authority to revoke his diminution credits and did not abuse his discretion in so doing. Under Md. Code Ann., Corr. Servs., § 7-504(b)(1) a parole "commissioner presiding at an individual's mandatory supervision revocation hearing may revoke any or all of the diminution credits previously earned by the individual on the

individual's term of confinement."

Finally, Myers's claim that the DOC miscalculated his maximum expiration date after his revocation is without factual support. Pursuant to Md. Code Ann., Corr. Servs., § 7-401(d)(1) "if the order of parole is revoked, the inmate shall serve the remainder of the sentence originally imposed unless the commissioner hearing the parole revocation, in the commissioner's discretion, grants credit for time between release on parole and revocation of parole." Under Maryland law, the commissioner acted within his discretion in not awarding Myers credit for any of the time between his release and revocation. The DOC was, however, required to recalculate Myers's term and take into account the Commission's revocation decision and did so. Myers's maximum expiration date of May 27, 2014 was extended to reflect a new February 20, 2015 expiration date, given that 269 days was not allowed as credit by the commissioner.

Alleged errors of state law do not provide a basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Likewise, the decision to award less than full credit for Myers's parole time does not violate a constitutional right. *See Morrisey v. Brewer*, 408 U.S. 471, 480 (1972).

Myers has no absolute entitlement to appeal a district court's denial of his application. *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller- El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

A certificate of appealability may issue only if the applicant has made a "substantial showing" of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where a district court denies a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *See, e.g., Miller–El v. Cockrell,* 537 U.S. 322, 336–38 (2003).

Myers has not made the required showing and the court declines to issue a certificate of appealability. For the foregoing reasons, Myers's habeas petition shall be dismissed and denied. A separate Order follows.

Date: March 18, 2013         __/s/_____
                             J. Frederick Motz
                             United States District Judge